1 | ERIC M. EPSTEIN, SBN 64055
ERIC M. EPSTEIN, APC
2 | 1901 Avenue of the Stars, #1100
Los Angeles, CA 90067-6002
3 | 310/552-5366 / emepstein@aol.com

4 | WALTER HAINES, SBN 71074
UNITED EMPLOYEES LAW GROUP,
5 | PC
65 Pine Avenue, #312
6 | Long Beach, CA 90802
877/696-8378
7 |
Attorneys for Plaintiff
8 |
SEYFARTH SHAW LLP
9 | GEORGE E. PREONAS (SBN 58921)
gpreonas@seyfarth.com
10 | ANDREW M. PALEY (SBN 149699)
apaley@seyfarth.com
11 | MICHAEL D. MANDEL (SBN 216934)
mmandel@seyfarth.com
12 | 2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
13 | Telephone: (310) 277-7200
Facsimile: (310) 201-5219
14 |
15 | Attorneys for Defendants

MARK R. THIERMAN, SBN 72913
THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
775/284-1500 / laborlawyer@pacbell.net

Attorneys for Plaintiff
Kwesi Jones

FILED
CLERK, U.S. DISTRICT COURT

SEP - 1 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI JONES, on behalf of himself, the general public, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FARMERS GROUP, INC., a Nevada corporation; FARMERS INSURANCE EXCHANGE, a California corporation; and DOES 1 through 10, inclusive,<br>Defendants. | Case No. CV09- 4027 ODW (Ex)<br><br>**CLASS ACTION**<br><br>**[PROPOSED] PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION** |

LA1 6897876.1

**ORDER**

1
2    GOOD CAUSE APPEARING, it is hereby ORDERED that the Parties shall
3    comply with and be bound by the provisions of the attached Stipulation concerning
4    Confidential Information.
5    IT IS SO ORDERED.
6
7    Dated: *9/1/09*
8                                    Honorable Otis D. Wright
                                     Charles F. Eick
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                    -2-

LAI 6897876.1

| | |
|---|---|
| 1 | ERIC M. EPSTEIN, SBN 64055 |
| | ERIC M. EPSTEIN, APC |
| 2 | 1901 Avenue of the Stars, #1100 |
| | Los Angeles, CA 90067-6002 |
| 3 | 310/552-5366 / emepstein@aol.com |

ERIC M. EPSTEIN, SBN 64055
ERIC M. EPSTEIN, APC
1901 Avenue of the Stars, #1100
Los Angeles, CA 90067-6002
310/552-5366 / emepstein@aol.com

MARK R. THIERMAN, SBN 72913
THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
775/284-1500 / laborlawyer@pacbell.net

WALTER HAINES, SBN 71074
UNITED EMPLOYEES LAW GROUP, PC
65 Pine Avenue, #312
Long Beach, CA 90802
877/696-8378

Attorneys for Plaintiff
Kwesi Jones

Attorneys for Plaintiff

SEYFARTH SHAW LLP
GEORGE E. PREONAS (SBN 58921)
gpreonas@seyfarth.com
ANDREW M. PALEY (SBN 149699)
apaley@seyfarth.com
MICHAEL D. MANDEL (SBN 216934)
mmandel@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KWESI JONES, on behalf of himself, the general public, and all others similarly situated,

Plaintiffs,

vs.

FARMERS GROUP, INC., a Nevada corporation; FARMERS INSURANCE EXCHANGE, a California corporation; and DOES 1 through 10, inclusive,
Defendants.

Case No. CV09- 4027 ODW (Ex)

**CLASS ACTION**

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION**

LA1 6896774.2

1    Plaintiff Kwesi Jones ("Plaintiff") and Defendant Farmers Insurance

2  Exchange ("Defendant") (collectively, the "Parties") acknowledge that discovery

3  in this lawsuit may require the disclosure of documents and other materials that

4  constitute or contain trade secret, commercially sensitive, proprietary and/or

5  otherwise confidential information, including documents and information related to

6  Defendant's financial and operational information, payroll records and analyses,

7  personnel records, and other documents or information related to Defendant's

8  current or former employees and Defendant's business operations (hereinafter

9  referred to as "Confidential Information").

10    In light of the substantial volume of materials and information at issue and

11  that many of these materials and information are of the type deserving of

12  protection, and to eliminate the need for repeated requests that the Court become

13  directly involved in the discovery process, the Parties, by and through their

14  respective counsel, and pursuant to Rule 26 of the Federal Rules of Civil

15  Procedure, HEREBY STIPULATE, AGREE, AND JOINTLY REQUEST, that a

16  protective order should be entered according to the following terms and provisions:

17    1.    This Stipulation and Protective Order shall govern documents,

18  materials, depositions or other testimony, deposition exhibits, interrogatory

19  responses, responses to requests for admissions, and other information (all such

20  materials and information shall be referred to as "Discovery Material") produced

21  by the Parties (or third-parties) in connection with this case.

22                    **DESIGNATION AS CONFIDENTIAL**

23    2.    Any Confidential Information shall be designated "Confidential" by

24  the Producing Party by so identifying the material with the appropriate legend.

25  Whenever counsel for a party deems that any question or line of questioning calls

26  for the disclosure of information that should be treated as Confidential

27  Information, or when Confidential Information is used during or in connection

28                                    -2-

LA1 6896774.2

1   with a deposition, counsel may: (i) designate on the record prior to such disclosure

2   that such information is being designated as "Confidential" or (ii) give written

3   notice to all other counsel that such information is being designated as

4   "Confidential" within twenty-one (21) days after receiving a copy of the deposition

5   transcript.  Only those portions of the transcript of the deposition designated

6   "Confidential" shall be so treated, except that all copies of deposition transcripts

7   that contain designated Information shall be prominently marked "Confidential" on

8   the cover, and when filed with the Court, in whole or in part, shall be filed under

9   seal.  For convenience, if a deposition transcript contains repeated references to

10   Confidential Information that cannot be conveniently segregated from non-

11   confidential information, any party may request that the entire transcript be

12   designated Confidential.

13       3.    A party may designate as "Confidential" documents or discovery

14   materials produced by a non-party by providing written notice to all parties of the

15   relevant documents numbers or other identification within thirty (30) days after

16   receiving such documents or discovery materials.  Any party or non-party may

17   voluntarily disclose to others without restriction any information designated by that

18   party or non-party as confidential, although a document will lose its confidential

19   status if it is made public.

20       4.    Any party may designate any Discovery Material produced, disclosed

21   or exchanged prior to this Stipulated Protective Order, which such party considers

22   in good faith to contain Confidential Information, as "Confidential" by informing

23   all other parties to this action in writing.  Such Discovery Materials are covered by

24   this Stipulated Protective Order.

25       5.    The designation of Discovery Material as "Confidential" shall not be

26   dispositive of the actual confidentiality of such material, nor shall it affect the

27   burden of proof necessary to demonstrate the appropriateness of the designation of

28                                         -3-

LAI 6896774.2

1  said material. Any dispute between the parties as to the actual confidentiality of

2  any particular material or information shall be resolved pursuant to paragraph 6,

3  *infra*, of this Stipulated Protective Order.

4      6.     The party that has designated Discovery Material or information as

5  "Confidential" shall have the burden of establishing that the Discovery Material

6  contains Confidential Information. The filing of a motion for a protective order

7  with the Court by a party seeking to protect the designation of any Discovery

8  Material shall not affect the designation of the Discovery Material, which will

9  continue to enjoy the designations made by the producing party, unless and until an

10  order of court changing the designations is entered.

11                    **CHALLENGING DESIGNATION**

12      7.     Nothing in this Stipulated Protective Order shall prevent a party

13  receiving "Confidential" Discovery Material from seeking a further order of this

14  Court declaring that such Discovery Material shall not be subject to the provisions

15  of this Stipulated Protective Order. Upon motion for any party to this action, and

16  upon good cause shown, the Court may make any order that justice requires for the

17  prevention and protection from oppression of undue burden or any unnecessary

18  expense.

19                  **AUTHORIZED USE AND DISCLOSURE**

20      8.     All "Confidential" Discovery Material produced, disclosed, or

21  exchanged in the course of this litigation shall be used by the party or parties to

22  whom the information is produced or disclosed solely for the purpose of this

23  litigation, and for no other purpose.

24      9.     Any Discovery Material that has been designated "Confidential" in

25  accordance with 2, 3, or 4, *supra*, shall not be disclosed to any person without the

26  written consent of counsel for the party producing it, except that disclosure may be

27  made to:

28                              -4-

LA1 6896774.2

1           a. Any party who is a natural person to whom the document or

2    information is disclosed or produced, to include the plaintiffs in this action, as well

3    as potential class members, subject to the condition that any party to whom the

4    confidential information is communicated must be advised of this protective order

5    and be instructed not to disclose the confidential information to any other

6    individual or entity not entitled to receive such information pursuant to the terms of

7    this Stipulated Protective Order;

8           b. Officers and employees of a party that is not a natural person who

9    are required to participate in decisions relating to such Discovery Material or

10   Confidential Information with reference to this action;

11          c. Counsel retained by the parties for purposes of prosecuting or

12   defending this litigation, and their employees, secretaries, paralegal assistants and

13   case clerks;

14          d. Outside consultants or experts retained to assist counsel in this

15   action; and/or

16          e. The Court, its personnel and its reporters;

17          f. Any person who created the document or was a recipient thereof;

18       10. The extent and manner in which any Confidential Discovery Material

19   and/or Confidential Information may be used at trial shall be decided by the Court

20   at the final pretrial conference after all parties have had an opportunity to be heard.

21   Nothing herein shall be construed to effect in any manner the admissibility as

22   evidence of any information or document.

23           **PROCEDURES FOR FILING WITH THE COURT**

24       11. Any Confidential Information that is filed with or submitted to the

25   Court shall be filed under seal. If any Confidential Information is submitted to the

26   Court under seal, the party submitting the Confidential Information shall file a

27   copy of the pleading containing the Confidential Information in redacted form.

28                         -5-

LA1 6896774.2

1   Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects
2   the standards that will be applied when a party seeks permission from the Court to
3   file material under seal.

4                          **MISCELLANEOUS PROVISIONS**

5        12.    On final disposition of this action, the Court shall order destruction of
6   all documents and other Discovery Material designated "Confidential," and
7   counsel for any party having possession, custody, or control of Confidential
8   Information produced in the course of discovery in this action will promptly return
9   to counsel for the designated party who produced them all original Discovery
10  Materials and tangible items covered by this Stipulated Protective Order, and will
11  destroy all copies, transcripts, notes, and extracts containing Confidential
12  Information except those marked as exhibits during trial.

13       13.    A party objecting to a designation under this Stipulated Protective
14  Order shall attempt to resolve the disagreement informally with the designating
15  party or designating third party.  If no resolution can be reached, the matter may be
16  presented to the Court by the party seeking to designate any Discovery Material as
17  "Confidential."  The party or third party asserting the designation as to any
18  Discovery Material shall have the burden of justifying that the designation is
19  consistent with California law and that the material designated as "Confidetnial" is
20  either a trade secret, or is protected by California's right to privacy, or is
21  proprietary information of a highly sensitive nature the disclosure of which would
22  have a significant adverse economic impact on the party designating the material.
23  Until the Court rules otherwise, the challenged Discovery Material shall be treated
24  as "Confidential."

25       14.    Entering into, agreeing to, and/or producing or receiving Discovery
26  Material designated as "Confidential," or otherwise complying with the terms of
27  this Stipulated Protective order shall not:

28                                        -6-

1           a.  operate as an admission by any party that any particular Discovery

2 Material designated as "Confidential" contains or reflects trade secrets, proprietary

3 or commercially sensitive information, or any other type of Confidential

4 Information;

5           b.  operate as an admission by any party that the restrictions and

6 procedures set forth herein constitute or do not constitute adequate protection for

7 any particular information deemed by any party to be "Confidential;"

8           c.  prejudice in any way the rights of the parties to object to the

9 production of Discovery Materials they consider not subject to discovery;

10           d.  prejudice in any way the rights of any party to object to the

11 authenticity or admissibility into evidence of any Discovery Material, testimony, or

12 other evidence subject to this Stipulated Protective Order;

13           e.  prejudice in any way the rights of a party to seek a determination

14 by the Court whether any information or material should be subject to the terms of

15 this Stipulated Protective Order;

16           f.  prejudice in any way the rights of a party to petition the Court for a

17 further protective order relating to any purportedly Confidential Information;

18           g.  prevent the parties to this Stipulated Protective Order from

19 agreeing in writing or on the record during a deposition or hearing in this action to

20 alter or waive the provisions or protections provided for herein with respect to any

21 particular information or material;

22           h.  limit a party's ability to grant non-parties access to its own

23 Discovery Materials and/or information;

24           i.  be deemed to waive any applicable privilege or work product

25 protection, or to affect the ability of a party to seek relief for an inadvertent

26 disclosure of material protected by privilege or work product protection; and/or

27

28                                      -7-

LAI 6896774.2

1                                     j.   prevent a party or third party from objecting to discovery which it

2   believes to be improper, including objections based upon the privileged,

3   confidential, or proprietary nature of the Discovery Material requested.

4          15.    Nothing contained herein shall impose any restrictions on the use or

5   disclosure by a party of Discovery Materials obtained lawfully by such party

6   independently of any proceedings in this action, or which is or becomes publicly

7   known through no fault or act of such party.

8          16.    Neither the taking of any action under this Stipulated Protective

9   Order, nor the failure to object thereto, shall be construed as a waiver of any claim

10   or defense in this action.  Moreover, neither the failure to designate Discovery

11   Material as "Confidential" nor the failure to object to a designation at a given time

12   shall preclude the filing of a motion at a later date seeking to impose such

13   designations or challenging the propriety thereof.  Nothing in this Stipulated

14   Protective Order, and no action taken in compliance with it shall operate as an

15   admission by any party or person that any particular document or information is or

16   is not confidential.

17          17.    The entry of this Stipulated Protective Order shall not be construed as

18   a waiver of any right to object to the furnishing of information in response to

19   discovery or to object to a requested inspection of documents or things, and, except

20   as expressly provided, shall not relieve any party of its obligation to produce

21   information in the course of discovery pursuant to controlling law.

22          18.    Nothing in this Order shall prevent any party from seeking relief from

23   any provision of this Stipulated Protective Order, modification of this Stipulated

24   Protective Order, or from objecting to discovery which it believes to be privileged

25   or otherwise improper.

26

27

28                                       -8-

1     19.    Nothing herein constitutes or may be interpreted as a waiver by any

2  party of the attorney-client privilege, attorney work product doctrine, or any other

3  privilege.

4     20.    This Stipulated Protective Order has no effect upon, and shall not

5  apply to, a party's use or disclosure of its own Confidential Information for any

6  purpose.

7     21.    This Stipulated Protective order may be modified by agreement of the

8  parties, subject to approval of the Court.

9     22.    This Stipulation shall be binding upon the Parties upon their signature

10  hereto and by signing hereto each Party agrees to comply with the terms of this

11  Stipulation and to be bound thereby, even prior to the Court's entry of the proposed

12  Protective Order based upon this Stipulation, and even if the Court does not enter

13  the proposed Protective Order based upon this Stipulation.  In the event that the

14  Court does not enter into the Proposed Protective Order based upon this

15  Stipulation, the parties shall in good faith negotiate any terms that the Court finds

16  objectionable.

17     IT IS SO STIPULATED.

18

19  DATED: August _27_, 2009       ERIC M. EPSTEIN, APC

20                            By_____

21                              Eric Epstein
                                 Attorneys For Plaintiff

22                               Kwesi Jones

23  DATED: August 27, 2009       SEYFARTH SHAW LLP

24

25                            By_____
                                 Michael D. Mandel

26                                 Attorneys for Defendants
                                 Farmers Group, Inc. and

27                                 Farmers Insurance Exchange

28                       -9-

LAI 6896774.2